UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------X

JAMES R. MAIDA AND SHARON O. MAIDA, :
HUSBAND AND WIFE

               Plaintiff(s),    :

            v.          :

UNITED STATES OF AMERICA,    :

             Defendant(s).   :

--------------------------------X

**CIVIL ACTION NO.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR REFUND OF TAXES COLLECTED BY INTERNAL REVENUE SERVICE

Plaintiffs, James R. Maida, appearing pro se, and Sharon O. Maida, by and through the undersigned attorney, James R. Maida, Esq., bring this action against Defendant, United States of America, and allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### NATURE OF ACTION

1.     This is an action brought pursuant to 26 U.S.C. § 7422 for the recovery of a sum of interest that was erroneously and illegally assessed and collected by Defendant through its agency, the Internal Revenue Service, on internal revenue tax that was paid by James R. Maida and Sharon O. Maida as joint taxpayers, and for the recovery of all applicable interest, costs, expenses and attorneys' fees associated therewith.

### PARTIES

2.     James R. Maida and Sharon O. Maida ("Plaintiffs") are legally married and both are citizens of the United States of America and residents of Bucks County, Pennsylvania.

1

3.    The United States of America is a named as Defendant pursuant to 26 U.S.C. § 7422(f)(1). The actions complained of herein were taken by Defendant through its agency, the Internal Revenue Service (the "IRS").

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346(a), in that this is a civil action against the United States of America arising under for the recovery of a refund of interest on internal revenue tax that was erroneously assessed and collected by the IRS and that Plaintiffs have complied with the requirements set forth in 26 U.S.C. § 7422(a). As further described in the factual allegations below, Plaintiffs have paid the relevant tax and interest, duly filed a claim for refund upon which the IRS made a final determination, and have otherwise exhausted all remedies. Plaintiffs now bring this action within the limitation period set forth in 26 U.S.C. § 6511(a).

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(a), in that this is the district where the taxpayer Plaintiffs reside.

## FACTUAL ALLEGATIONS

6.    On or about April 8, 2023, Plaintiffs timely filed an extension of time to file a joint personal income tax return for the 2022 tax year by submitting a Form 4868 electronically to the IRS. Such Form 4868 was received and acknowledged by the IRS on the same day.

7.    On or about October 9, 2023, Plaintiffs timely filed a joint personal income tax return by submitting a Form 1040 to the IRS via electronic filing for the 2022 tax year ("2022 Original Return"). The 2022 Original Return was received and acknowledged by the IRS on the same day.

2

8.    The 2022 Original Return showed an overpayment of $2,253,423, which the Plaintiffs elected to apply to the 2023 tax year, as authorized under 26 USCS § 6402(b) and 26 CFR § 301.6402-3(a)(5), which has always been their practice.

9.    On or about November 1, 2023, Plaintiffs were informed by the paid preparer of GLI Capital Group, Inc. (a subchapter S corporation from which the Plaintiffs derive income), that a Schedule K-1 Form completed by such paid preparer for GLI Capital Group, Inc. for the 2022 tax year contained an error in which certain income was understated and such error resulted in an additional $1,125,527 of personal income tax owed by the Plaintiffs for the 2022 tax year.

10.    Such error was not a result of any act or omission of the Plaintiffs and Plaintiffs were only first made aware of such error upon being notified by GLI Capital Group, Inc.'s paid preparer on or about November 1, 2023.

11.    Within a just few days, on November 10, 2023, immediately following the filing of GLI Capital Group, Inc.'s amended return, Plaintiffs filed an amended joint personal income tax return in which the error referred to in the foregoing paragraphs was corrected by submitting a Form 1040-X to the IRS via United States Postal Service Priority Mail ("2022 Amended Return").

12.    The 2022 Amended Return was delivered to the IRS via United States Postal Service Priority Mail just four days later, on November 14, 2023.

13.    The Form 1040-X submitted with the 2022 Amended Return again showed an overpayment of $2,253,423, along with an additional amount owed of $1,125,527 from the error described above, resulting in an adjusted overpayment amount of $1,127,896, which Plaintiffs again elected to apply to the 2023 tax year, as authorized under 26 USCS § 6402(b) and 26 CFR § 301.6402-3(a)(5).

14. Further, the updated Form 1040 submitted with the 2022 Amended Return also showed the final overpayment amount of $1,127,896 and the election to apply such overpayment amount to the 2023 tax year.

15. Finally, Plaintiffs additionally mailed a letter, on or about November 10, 2023, to the IRS via United States Postal Service Priority Mail further clarifying that Plaintiffs wish to pay the additional $1,125,527 of tax owed with the previously identified overpayment and only apply the $1,127,896 balance of such overpayment to the 2023 tax year.

16. Such letter was delivered to the IRS via United States Postal Service Priority Mail on or about November 14, 2023.

17. After several months, on or about April 8, 2024, the IRS issued a Letter 247C to Plaintiffs indicating that, while the 2022 Amended Return was accepted, the IRS would not accept Plaintiffs' election to utilize Plaintiffs' overpayment to pay the additional $1,125,527 of tax owed and that Plaintiffs will be required to remit a separate payment for any such balance due.

18. On or about April 26, 2024, Plaintiffs received a CP22A Notice indicating that payment of $1,125,527 tax was due along with $90,180.27 in interest.

19. On or about April 29, 2024, Plaintiffs remitted payment for the full amount of $1,125,527 principal and $90,180.27 interest due and filed a Form 843 seeking refund of the $90,180.27 interest by submitting such form to the IRS via United States Postal Service Certified Mail. While Plaintiffs used the term "abatement" throughout its request, it is Plaintiffs' understanding that this was a request for "refund" given that such interest amount had already been paid.

4

20. Such Form 843 was received by the IRS on or about May 6, 2024, via United States Postal Service Certified Mail.

21. Several months later, on or about August 21, 2024, Plaintiffs received a Letter 2645C indicating the IRS needed additional time to consider the request for refund.

22. On or about August 29, 2024, Plaintiffs received a Letter 916C indicating that the IRS could not process the Form 843 refund because the Plaintiffs' joint personal income tax return for the tax year 2023 had not been filed. The Letter referenced Revenue Ruling 99-40, which serves as guidance on 26 CFR 301.6601-1, and explained that until such 2023 tax return is filed the IRS could not properly determine how to apply the Plaintiffs' overpayment from the 2022 tax year to Plaintiffs' 2023 quarterly tax obligations and the $1,125,527 deficiency from the 2022 tax year. Finally, the Letter instructed that once Plaintiffs submit such 2023 tax return, Plaintiffs can then re-submit a claim for refund of the interest in dispute.

23. On or about October 2, 2024, Plaintiffs timely filed their joint personal income tax return for the 2023 tax year by submitting a Form 1040 to the IRS via electronic filing ("2023 Return"). The 2023 Return was received and acknowledged by the IRS on October 2, 2024.

24. Such 2023 Return was timely filed due to Plaintiffs previously timely filing an extension of time to file a joint personal income tax return by submitting a Form 4868 electronically to the IRS on or about April 13, 2024, received by the IRS on the same day.

25. As directed by the IRS in the above identified Letter 916C, Plaintiffs once again filed a Form 843 requesting refund of the $90,180.27 interest on or about October 31, 2024 by sending such form to the IRS via United States Postal Service Certified Mail. While Plaintiffs used the term "abatement" throughout its request, it is Plaintiffs' understanding that this was a request for "refund" given that such interest amount had already been paid

26.     Such Form 843 was delivered to the IRS via United States Postal Service Certified Mail on or about November 4, 2024.

27.     Over the next several months, Plaintiffs received 2645C and 2644C Letters from the IRS extending the IRS's time to review the Plaintiffs' request for refund on or about Jan 31, 2025, April 2, 2025, and June 3, 2025.

28.     Plaintiffs submitted a Form 911 "Request for Taxpayer Advocate Service Assistance" to the IRS on or about July 28, 2025, however, upon information and belief, such Form was either never received by the IRS or subsequently misplaced.

29.     Over the next several months, Plaintiffs received additional 2644C Letters extending the IRS's time to review the Plaintiffs' request for refund on or about August 5, 2025, October 7, 2025, and December 9, 2025.

30.     Plaintiffs called the Taxpayer Advocate Service on or about November 14, 2025, to request an update on the status of being assigned a Taxpayer Advocate. It was at this time that Plaintiffs were informed that their Form 911 requesting Taxpayer Advocate Service Assistance had never been entered into the relevant system and such Form could no longer be located. Plaintiffs proceeded to submit a new request for a Taxpayer Advocate through such phone conversation.

31.     On or about December 15, 2025, Plaintiffs received a letter from the Taxpayer Advocate Service indicating that Plaintiffs have been assigned Case Number 00165531 and that Plaintiffs' case arises from what the Taxpayer Advocate Service identified as a "system-wide or IRS policy problem that impacts many taxpayers."

32.     On or about February 9, 2026, Plaintiffs received an additional letter from the Taxpayer Advocate Service indicating that the case was still under review and will require further evaluation.

33.     Plaintiffs again received 2644C Letters from the IRS extending the IRS's time to review the Plaintiffs' request for refund on or about February 10, 2026 and April 14, 2026.

34.     On or about May 22, 2026, Plaintiffs received a letter from Ms. Noll, the Taxpayer Advocate appointed to Plaintiffs' Case, indicating that the IRS issued a Final Determination via Letter 3810C denying the request for refund. Ms. Noll further explained in this letter that such determination was made in contradiction to certain provisions of the Internal Revenue Manual ("IRM"), including IRM section 21.4.1.5.6.1 which allows for the amount of credit elected to apply to the following year to be changed so long as taxpayers timely amend such credit elect amount before (1) the tax return has posted for the year where the credit elect was applied and (2) before March 1 of the year following the year to which the credit was applied. Ms. Noll argued that since Plaintiffs properly corrected the relevant credit elect amount on the 2022 Amended Return and that such 2022 Amended Return was timely filed in accordance with the relevant IRM sections, the IRS should have applied the corrected credit elect amount of $1,127,896 to tax year 2023, leaving an additional $1,125,527 to pay taxes for the year 2022 and had the IRS done so, no interest would have accrued. Finally, Ms. Noll indicated in this letter that she requested clarification from the IRS on why it had processed Plaintiffs' request in this contradictory manner.

35.     On or about June 18, 2026, Plaintiffs received another letter from Ms. Noll, indicating that she was still awaiting responses from the IRS on her questions seeking

clarification and indicated she will contact Plaintiffs again to provide any updates on Plaintiffs' case by July 20, 2026.

36.     On or about July 31, 2024, Plaintiffs received a call from Ms. Noll informing Plaintiffs that the IRS affirmed its decision disallowing Plaintiffs' request for refund.

## CLAIM FOR RELIEF
### Refund of Interest Erroneously and Illegally Assessed and Collected

37.     Paragraphs 1 - 36 are incorporated by reference as if set forth fully herein.

38.     Defendant, by and through its agency the Internal Revenue Service, erroneously failed to accept Plaintiffs' amended credit elect amount as was properly and timely identified on Plaintiffs' 2022 Amended Return. Due to such erroneous failure to accept Plaintiffs' amended credit elect amount, Defendant illegally assessed $90,180.27 in interest and collected such interest from Plaintiffs on or about April 29, 2024.

39.     Plaintiffs have exhausted all reasonable measures to correct the erroneous and illegal assessment and collection of interest identified above; including but not limited to, filing multiple requests for refund, utilizing the Taxpayer Advocate Service, and ultimately receiving a Final Determination disallowing the request for refund.

40.     By reason of the foregoing, Defendant is liable to Plaintiffs in the amount of $90,180.27, plus all applicable interest, costs, expenses and attorneys' fees pursuant to 28 U.S.C. §§ 2411 and 2412 and 26 U.S.C. §§ 6611, 6621 and 7430, respectively.

41.     In the alternative, even if Defendant did not err in failing to accept Plaintiffs' amended credit elect amount and thus should have assessed interest on the $1,125,527 owed for

8

tax year 2022, then such interest was not assessed correctly since, by Defendant's own admission in the letter received by Plaintiffs on or about August 29, 2024 and pursuant to Revenue Ruling 99-40 on 26 CFR 301.6601-1, Defendant could not have assessed the interest correctly until Plaintiffs' credit elect for the 2022 tax year was first used to pay taxes in 2023, well after the date such $90,180.27 of interest was assessed on. As such, in the alternative to the foregoing, Defendant is liable to Plaintiffs in the amount of $90,180.27, which Defendant must refund to Plaintiffs before correctly re-assessing any interest owed for the 2022 tax year, plus all applicable interest, costs, expenses and attorneys' fees pursuant to 28 U.S.C. §§ 2411 and 2412 and 26 U.S.C. §§ 6611, 6621 and 7430, respectively.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request this Court to enter judgment against Defendant, as follows:

A.    awarding, in favor of Plaintiffs, damages in the amount of $90,180.27;

B.    awarding, in favor of Plaintiffs, applicable interest pursuant to 28 U.S.C. § 2411 and 26 U.S.C. §§ 6611 and 6621;

C.    awarding, in favor of Plaintiffs, all applicable costs, expenses and attorneys' fees pursuant to 28 U.S.C. § 2412 and 26 U.S.C. § 7430; and

D.    granting such other and further relief as this Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make a demand for a trial by jury on all issues triable by jury.

9

Dated: August 10, 2026

Respectfully submitted,

By: _____

**James R Maida, Esq.**

PA Bar number 60096,

Eastern District of Pennsylvania Bar Number

7391231

855 Parkway Avenue

Ewing, NJ 08618

732 942 3999

Email: j.maida@gaminglabs.com


Appearing pro se, and as Attorney For
Plaintiff, Sharon O. Maida